# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AMAN DEEP SINGH,**

      Petitioner,

v.                                                                                    Case No. 14-CV-720

**DENISE SYMDON,**

      Respondent.

## ORDER ON PETITIONER'S MOTION TO VACATE THE STAY

The petitioner, Aman Deep Singh ("Singh"), filed a petition for a writ of habeas corpus on June 23, 2014. (Docket # 1.) On November 7, 2014, I issued an order granting the respondent's motion to stay the petition pending the resolution of various appeals in the Wisconsin state courts. (Docket # 13.) Presently before me is Singh's motion to vacate that decision, as well as Singh's motion for bail pending the resolution of his petition for a writ of habeas corpus. (Docket # 14.) For the reasons set out below, the petitioner's motions will be denied.

I will first address Singh's motion to vacate the stay, which I will construe as a motion for reconsideration. Federal Rule of Civil Procedure 54(b) authorizes reconsideration of a court's non-final orders. Granting a motion for reconsideration is appropriate when:

> (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court.

*Tatum v. Clarke*, No. 11-CV-1131, 2013 WL 6497697, *1 (E.D. Wis. Dec. 11, 2013) (*citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1885, 1191 (7th Cir. 1990)).

Singh relies particularly on *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), in arguing that the stay was inappropriate and should be vacated. However, *Yong* is inapposite. In *Yong*, the Ninth Circuit found that the district court's *sua sponte* stay of Yong's habeas petition was an abuse of discretion. *Id.* at 1119-21. The district court issued the stay pending the resolution of an appeal in the Ninth Circuit. *Id.* at 1118. Yong, however, had no part in the pending appeal. *Id.* Unlike in *Yong*, Singh has initiated the appeals pending in Wisconsin state court as well as the present petition. That is, Singh has control over the pending litigation (both state and federal), which Yong did not have. Additionally, the stay was granted at the request of one of the parties; it was not issued *sua sponte* as in *Yong*.

It is true, as Singh points out, that "a prisoner's principal interest is in obtaining speedy federal relief on his claims." *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (internal quotation marks and citation omitted). However, the underlying principle of comity remains: if the state courts can resolve Singh's claims, they should be given the opportunity to do so. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (explaining comity, "which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" (quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950)). Singh has filed appeals that may resolve the underlying issues in his petition.

There has been no change in the underlying facts or in controlling law since the stay was granted. In sum, Singh has not shown that any circumstances exist such that the order staying the case should be vacated. Therefore, his motion to vacate the stay will be denied.

I now turn to Singh's motion for bail pending the resolution of his petition. A court does have the inherent authority to grant release to a habeas petitioner while a petition is pending review. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). However, a prisoner in a habeas case must meet a more demanding standard than the one under the Bail Reform Act. *Id*. As the Seventh Circuit emphasized in *Cherek*, the power to grant bail pending review of a habeas petition should be exercised sparingly. The Seventh Circuit further explained as follows:

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id*. Singh "must show 'not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.'" *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641(E.D. Wis. 1994) (internal citation omitted). Singh also has to "establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." *Id.* (internal citations omitted).

Singh argues that he has argued a clear case on the facts and law and that special circumstances—the stay pending the resolution of his state appeals—exist such that bail should be granted. Singh challenges his conviction on the basis that he was charged with, and convicted of, an attempted crime that cannot be charged as an attempt under Wisconsin law. While Singh's claim is colorable, it is not "readily evident" that his petition should be granted. And while Singh's petition is stayed, it is not an exceptional circumstance that deserves special treatment.[1] Therefore, Singh's motion for bail will be denied.

---

[1] I also note that it is unclear what benefit Singh would receive from bail being granted. He is currently on extended supervision; that is, he is in the community with conditions of supervision, as he would be if bail were to be granted. This, too, weighs against a finding of exceptional circumstances.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's motion to vacate the stay (Docket # 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's motion for bail (Docket # 14) is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge