# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMAN DEEP SINGH,

    Petitioner,

  v.                                         Case No. 14-CV-720

DENISE SYMDON, Administrator

    Respondent.

## DECISION AND ORDER

Aman Deep Singh, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In two separate cases, Singh pled guilty to two separate counts of obtaining possession of a controlled substance by forgery and to one misdemeanor count of attempting to obtain a prescription drug by forgery. On the two felonies, Singh was sentenced to sixty months imprisonment, consisting of two years of initial confinement and three years of extended supervision, concurrent to each other, but consecutive to any other sentence. On the misdemeanor, Singh was sentenced to the House of Corrections for six months, concurrent with the other two counts. Singh alleges that his conviction and sentence are unconstitutional. For the reasons explained below, Singh's petition for writ of habeas corpus will be denied.

## BACKGROUND

On August 26, 2011, Singh was charged in Milwaukee County Circuit Court (Case No. 2011CF400) with two felony counts of obtaining possession of Oxycodone, a controlled substance, by forgery and one misdemeanor count of attempting to obtain Metaprolol, a prescription drug, by forgery. (Docket # 23-2 at 36-38.) On September 6, 2011, Singh was charged in a separate Milwaukee

County Circuit Court case (Case No. 2011CF4192) with another count of obtaining possession of Oxycodone, a controlled substance, by forgery. (Docket # 23-2 at 343-44.) On November 9, 2011, Singh pled guilty to one felony drug count and to the misdemeanor count of attempting to obtain Metaprolol from the first case. (Change of plea transcript, Docket # 23-5 at 22-38.) He also pled guilty to the single felony drug count from the second case. (*Id*.) On December 29, 2011, the Milwaukee County Circuit Court sentenced Singh on all three counts. (Sentencing Transcript, Docket # 23-5 at 44-80.) On the two felonies, Singh was sentenced to sixty months imprisonment, consisting of two years of initial confinement and three years of extended supervision, concurrent to each other but consecutive to any other sentence. (*Id*.) On the misdemeanor, Singh was sentenced to the House of Corrections for six months, concurrent with the other two counts. (*Id.*)

Following his sentencing, Singh filed a series of *pro se* motions to withdraw his guilty pleas. (Docket # 23-2 at 70.) He alleged that he had unknowingly entered a plea to the misdemeanor count of attempting to obtain a prescription drug and that he had received ineffective assistance of counsel. These motions were ultimately denied. (Docket # 23-2 at 211.)

After the Milwaukee County Circuit Court denied his motions, Singh commenced a slew of seventeen challenges to his conviction both on direct and collateral appeal, relevant portions of which will be addressed in the analysis below. He then timely filed the present petition of habeas corpus relief.

**ANALYSIS**

In Singh's petition for writ of habeas corpus, he asserts three grounds for relief. In ground one, Singh argues that his attorney was ineffective for not objecting to the misdemeanor charge of attempting to obtain a prescription drug because that charge is not an offense that can be charged as

an attempt under Wisconsin law. In ground two, Singh asserts that his guilty plea was not knowingly made because the plea colloquy failed to inform him of the elements of the charges. Finally, for the third ground of relief, Singh argues that his trial counsel was ineffective because counsel misinformed him of his early release eligibility. (Docket # 1.)

In his brief, however, Singh advances only two arguments. (Docket # 24.) He argues that his counsel was ineffective for misinforming him on his early release eligibility and for advising him to plead guilty to a nonexisting crime. I will not, therefore, consider the other ground for relief abandoned by Singh and only address the two grounds for relief advanced in his brief.

    *1.    Ineffective Assistance of Counsel Claim for Misinformation on Early Release Law*

Singh argues that his trial counsel was ineffective by incorrectly advising Singh that he would be ineligible for early release on any prison sentence that would be imposed for the felony charges. (Docket # 24 at 1.) Respondent argues that Singh procedurally defaulted this claim because he did not exhaust it in his direct appeal and although he raised it in his collateral appeal, it was denied on an independent state ground. Singh responds that he properly exhausted this claim during his direct appeal.

A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including

seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

A claim can be procedurally defaulted when a state court does not reach a federal issue because of a state procedural bar. *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998). In order to conclude that a petitioner has procedurally defaulted a claim due to an adequate and independent state ground, this Court "must be convinced that the last state court to consider the question actually relied" on a procedural ground "as the basis for its decision." *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (internal citations omitted). The state court's reliance on a procedural rule therefore must be explicit. *See id.* In other words, a state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010).

Furthermore, to be an adequate ground of decision, the state's procedural rule must be "firmly established and regularly followed," applied in a "consistent and principled way," and the petitioner must be deemed to have been fairly apprised of its existence at the time he acted. *Braun*, 227 F.3d at 912 (internal quotations and citations omitted). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, or he can establish that the denial of relief will result in a miscarriage of justice. *Lewis v. Stevens*, 390 F.3d 1019, 1026 (7th Cir. 2004) (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87)).

In this case, a review of the record shows that Singh did raise this claim in his post-conviction round of appeals and included it in his petition for review in the Wisconsin Supreme Court. (Docket # 23-4 at 241-47.) But his petition was ultimately dismissed for failure to pay the filing fee. (Docket # 23-4 at 263-64, 266-67.) Dismissal for failure to pay the filing fee constitutes dismissal pursuant to

an independent and adequate procedural rule. Consequently, Singh has procedurally defaulted this claim which bars federal habeas relief.

Singh argues this default should be excused because the supreme court unreasonably denied his petition for waiver of the fee. (Docket # 29 at 2.) Singh's claim of unreasonableness on the part of the supreme court is not supported by the record. Initially, Singh requested an extension to pay the fee. This was granted. (Docket # 23-4 at 258-59.) Later, Singh filed a petition to waive the filing fee. The court denied the petition finding Singh's averment that he has "no income, receives no benefits of any kind, and does not receive the value of the use or property or the provision of food, clothing, or other necessities of life" incredible. (Docket # 23-4 at 263.) Even then, the court gave Singh another extension by which to pay the fee. (*Id.*) On this record, Singh has not shown that the supreme court's denial of his fee waiver satisfies the cause-and-prejudice standard for overcoming his procedural default.

Alternatively, Singh argues that he did exhaust this claim in his direct appeal. Singh states his ineffective assistance of counsel claim is premised on the court of appeals opinion in *State ex rel. v. Kemper*, 2014 WI App 43, 353 Wis. 2d 520, 846 N.W.2d 820 (2014). Singh argues that while his direct appeal was still pending, he filed a motion with the supreme court alerting the court of this additional basis for relief. (Docket # 23-3 at 836.) Ultimately, the Wisconsin Supreme Court denied his petition for review without comment. (Docket # 23-3 at 841.)

Even if Singh is correct that his motion before the supreme court exhausted this claim, Singh's claim fails on the merits. The crux of Singh's claim is that his counsel performed deficiently by incorrectly advising him that he would not be eligible for early release for the sentence imposed on the felony charges when in fact, the early release provisions applied to some, but not all of his

convictions. Singh further argues that he was prejudiced by this deficient performance because with knowledge of the correct law, he would not have accepted the plea agreement and the State and court would likely have given him an agreement that would have allowed him to earn early release from prison. (Docket # 24 at 2-3.)

To establish ineffective assistance of counsel, Singh must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984)*.* A court deciding an ineffective assistance claim need not approach the inquiry "in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Here, Singh offers only speculation that he would have received a better plea agreement and a better outcome from the court had his attorney given him different advice on the application of the early release law to his charges. This is not sufficient to show a reasonable probability of a different outcome. Accordingly, Singh cannot satisfy the *Strickland* standard for ineffective assistance of counsel claims. Singh is not entitled to habeas relief on this ground.

   *2.     Ineffective Assistance of Counsel for Advising to Plea to a Nonexisting Crime*

Next, Singh argues that his attorney was ineffective for advising him to plead guilty to a misdemeanor attempt to obtain a prescription drug by forgery contrary to Wis. Stat. § 450.11(7)(a). Singh acknowledges that Wis. Stat § 450.11(7) covers both an attempted and a completed offense. Nonetheless, he argues that attempt under the statute is not authorized by Wis. Stat § 939.32.

In rejecting Singh's challenge to this statute, the Wisconsin Court of Appeals stated that § 450.11 prohibits both attempt and the completed act of obtaining a prescription drug by fraud. (Docket # 23-3 at 352.) Further, the court of appeals found that the facts in the complaint,

information, and plea colloquy made clear that Singh was specifically charged with, and pled guilty to, attempting to obtain a prescription drug by fraud. The court then concluded that "we discern no ambiguity of the charged offense in this record." (*Id.*)

Singh has not shown that the Wisconsin court's interpretation of its own state statute violates federal law. Accordingly, Singh cannot satisfy *Strickland* on this claim. Singh is also not entitled to habeas relief on this ground.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When the case is resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Jurists of reason would not debate that Singh fails to raise any cognizable grounds for habeas relief. Thus, I will deny Singh a certificate of appeal ability. Of course, Singh retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the Singh's petition of habeas corpus (Docket # 1) is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 20th day of September, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge